IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KAMATHA CROCKETT, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:25-CV-00490-N |
| § | |
| COMMERCE INDEPENDENT § | |
| SCHOOL DISTRICT, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses defendant Commerce Independent School District's ("CISD") motion to dismiss [12]. Because the statute of limitations has run, the Court dismisses Crockett's individual claims. Additionally, because plaintiff D.W. has not pled sufficient plausible facts to support his claims for discrimination under Americans with Disabilities Act ("ADA") or under section 504 of the Rehabilitation Act ("RA"), the Court grants CISD's motion. 42 U.S.C. §§ 12101, 12131; 29 U.S.C. § 794.

### I. ORIGINS OF THE DISPUTE

This case involves claims by D.W.[1], a child with disabilities, against his school district, CISD, stemming from an incident that resulted in injuries to D.W.'s head. It is undisputed that D.W. has Attention Deficit/Hyperactivity Disorder ("ADHD") and Oppositional Defiant Disorder ("O.D.D.") and, therefore, is a student with a disability.

---

[1] Crockett, the named plaintiff, sues both individually and as next friend of D.W.

MEMORANDUM OPINION AND ORDER – PAGE 1

Pls.' First Am. Compl. ("FAC") ¶¶ 3–4 [9]. D.W. is part of CISD's 504 program, a accommodation program in schools for students with disabilities. *Id*. ¶ 3.[2]

CISD's records show a history of difficult interactions between D.W. and his peers. *Id*. ¶ 4. Additionally, Crockett previously notified Commerce Middle School and CISD that other students were mistreating D.W. at school. *Id*. Throughout D.W.'s enrollment, Crockett has also repeatedly advocated with CISD regarding D.W.'s disability. *Id*.

In November of 2022, a Commerce Middle School student assaulted D.W. at school during school hours. *Id*. ¶ 2. The perpetrator hit D.W. in the head with his fist. *Id*. This assault caused swelling and bleeding in D.W.'s brain. *Id*.

Crockett alleges that after the assault, CISD failed to take basic and necessary actions to address D.W.'s injuries. *Id*. ¶ 5. She claims there were three broad deficiencies. First, CISD failed to call 911 or a campus School Resource Officer after the altercation. *Id*. ¶ 6. Second, CISD failed to perform any medical assessments, including checking D.W.'s temperature, pulse, blood pressure, respirations, and pupils. *Id*. Nor did CISD assess his medical or psychological condition (e.g., by asking D.W. about current events, who the president was, what his own name was, where he was, the date). *Id*. Third, CISD failed to offer D.W. any pain medication or apply an ice pack to D.W.'s injury. *Id*.

Instead, CISD called Crockett and told her to pick up D.W. from school and take him to the emergency room. *Id*. ¶ 8. The injury was severe enough that D.W. was care-flighted from one hospital to another. *Id*. ¶ 2. He required surgery and over one hundred

---

[2] For purposes of this order, the Court accepts Crockett's well-pleaded allegations as true.

MEMORANDUM OPINION AND ORDER – PAGE 2

stitches. *Id*. As a result, D.W. asserts that he suffered general and non-economic damages, including physical pain and suffering, inconvenience, and loss of enjoyment of life. *Id*. ¶ 8.

In this lawsuit, Crockett brings claims both individually and as next friend of D.W., alleging discrimination claims under ADA and under RA. Crockett alleges CISD's failure to act was discriminatory and arose from CISD's "strained relationship" with Crockett due to her prior advocacy on behalf of D.W. *Id*. ¶ 7. CISD now moves to dismiss all claims.

## II. Legal Standard for Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations

MEMORANDUM OPINION AND ORDER – PAGE 3

must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

### III. THE COURT GRANTS CISD'S MOTION TO DISMISS CROCKETT'S CLAIMS

Crockett sues, individually, for special damages of attorney's fees and legal costs, economic damages and non-economic damages (such as inconvenience, and loss of enjoyment of life). *Id*. To succeed on this claim, Crockett must plead sufficiently plausible facts in support of each claim. CISD argues that the statute of limitations bars Crockett's claims.

The parties agree that Texas's two-year personal-injury limitations period applies to this case. Def.'s Mot. to Dismiss 4; Pls.' Resp. ¶ 20. The Fifth Circuit has held that Texas's personal-injury limitations period applies to RA claims and to Title II. *Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011) (holding most discrimination claims involve "injury to the individual rights of a person," and thus are analogous to personal-injury tort claims.) (internal citations omitted).

Even analyzing the complaint with all facts in favor of Crockett, the statute of limitations bars her individual claims. Crockett alleges CISD's alleged deficient response occurred in November of 2022. FAC ¶ 2. However, Crockett did not file suit until February 26, 2025. *Id*. ¶ 9. Because Crockett brings her individual claims more than two years after the alleged incident, the statute of limitations bars her claims. TEX. CIV. PRAC. REM. CODE § 16.003.

Moreover, Crockett fails to adequately explain why the statute of limitations does not bar her individual claims. Crockett instead discusses how Texas tolling applies to *D.W.*'s claims. Pls.' Resp. ¶19-20, 24. "A party who inadequately briefs an issue is considered to have abandoned the claim." *Cinel*, 15 F.3d at 1345; *see also Vela v. Compton*, 2024 WL 4891786, at *2 (5th Cir. 2024) ("Rule 12(b)(6) dismissal under a statute of limitations is proper only when the complaint makes plain that the claim is time barred and raises no basis for tolling."). Thus, the Court grants CISD's motion to dismiss Crockett's individual claims.

### IV. THE COURT GRANTS CISD'S MOTION TO DISMISS D.W.'S DISCRIMINATION CLAIMS

As as next friend of D.W., Crockett brings a claim for disability discrimination under ADA and section 504 of RA. Crockett alleges that CISD has failed to take the necessary and basic actions to address his injury after the altercation.

The Court analyzes claims under section 504 and ADA together because the Fifth Circuit "equated liability standards" under the two statutes. *See Hainze v. Richards,* 207 F.3d 795, 799 (5th Cir.2000); *D.A. v. Hou. Indep. Sch. Dist.,* 629 F.3d 450, 453 (5th Cir.2010). The Fifth Circuit has also held that ADA and section 504 "do not create a general tort liability for educational malpractice." *D.A.,* 629 F.3d at 454.

Specifically, Fifth Circuit case law does not support negligent medical *treatment*, as grounds for a discrimination claim. *Nottingham v. Richardson*, 499 F. App'x 368, 377 (5th Cir. 2012) (unpub.). Plaintiffs are afforded relief for the refusal to accommodate a medical *disability*. *Cadena v. El Paso Cnty.*, 946 F.3d 717, 726–27 (5th Cir. 2020) (emphasis

MEMORANDUM OPINION AND ORDER – PAGE 5

added). However, the "relative prudence between two medical decisions is not actionable under the ADA" *Carter ex rel. Carter v. City of Shreveport*, 144 F.4th 809, 815 (5th Cir. 2025); *see also Walls v. Tex. Dep't of Crim. Justice*, 270 F. App'x 358, 359 (5th Cir. 2008) (unpub. per curiam) ("The ADA does not set out a standard of care for medical *treatment*.") (emphasis added).

This principle has been a consistent holding in this Circuit. *E.g.*, *Chupka ex rel. C.C. v. Pflugerville ISD*, 2022 WL 1056101, at *2 (5th Cir. 2022) (unpub.); *Bell v. State Prison Offs.*, 2024 WL 2863293, at *6 (5th Cir. 2024) (unpub.); *Wilson v. Baucom*, 2023 WL 4288350, at *4 (5th Cir. 2023) (unpub.); *Epley v. Gonzalez*, 860 F. App'x 310, 314-15 (5th Cir. 2021) (unpub.); *Harrison v. Klein Indep. Sch. Dist.*, 856 F. App'x 480, 483 (5th Cir. 2021) (unpub.).

Here, Crockett claims CISD did not offer appropriate medical *treatment*. She alleges that CISD did not ask the correct medical assessment questions, apply ice or medications, or bring the correct personnel. This, Crockett claims, demonstrates that CISD had knowledge of the substantial risk of serious medical harm to D.W. Pl.'s Compl. ¶ 8. However, Crockett does not connect these actions to an accommodation for D.W.'s disabilities. Therefore, the allegations amount to a claim for negligent medical treatment, not a failure to accommodate a medical disability. Thus, because Crockett's next of friend claims are not actionable under ADA or section 504, the Court grants CISD's motion to dismiss both of D.W.'s discrimination claims.

## CONCLUSION

Because the statute of limitations bars Crockett's individual claims, the Court dismisses her claims for special damages, economic damages, and noneconomic damages. Furthermore, because D.W. has not pled sufficiently plausible facts to support D.W.'s claims for discrimination under ADA or RA, the Court also grants CISD's motion to dismiss those claims. Finally, the Court grants D.W. leave to amend. If D.W. does not file an amended claim within 30 days, the Court will dismiss D.W.'s claims with prejudice.

Signed February 4, 2026.

David C. Godbey
Senior United States District Judge