IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAMATHA CROCKETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-00490-N |
| | § | |
| COMMERCE INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Kamatha Crockett's motion for leave to replead [22] and Defendant Commerce Independent School District's ("CISD") motion for summary judgment [23]. Because Crockett fails to demonstrate good cause for leave, the Court denies Crockett's motion. Additionally, because there is no genuine dispute of material fact the Court grants CISD's motion for summary judgment.

### I. ORIGINS OF THE DISPUTE

This case involves claims by Crockett[1], the parent of a child with disabilities, against CISD, stemming from an incident that resulted in injuries to her son D.W.'s head. It is undisputed that D.W. has Attention Deficit/Hyperactivity Disorder ("ADHD") and Oppositional Defiant Disorder ("O.D.D.") and, therefore, is a student with a disability.

---

[1] Crockett, the named plaintiff, sues both individually and as next friend of D.W.

MEMORANDUM OPINION AND ORDER – PAGE 1

Pls.' Am. Compl. ¶¶ 3–4 [9].  D.W. is part of CISD's 504 program, an accommodation program in schools for students with disabilities.  *Id*. ¶ 3.[2]

CISD's records show a history of difficult interactions between D.W. and his peers. *Id*. ¶ 4.  Additionally, Crockett previously notified Commerce Middle School and CISD that other students were mistreating D.W. at school.  *Id*.  Throughout D.W.'s enrollment, Crockett has also repeatedly advocated with CISD regarding D.W.'s disability.  *Id*.

In November of 2022, a Commerce Middle School student assaulted D.W. at school during school hours.  *Id*. ¶ 2.  The perpetrator hit D.W. in the head with his fist.  *Id*.  This assault caused swelling and bleeding in D.W.'s brain.  *Id*.

Crockett alleges that after the assault, CISD failed to take basic and necessary actions to address D.W.'s injuries.  *Id*. ¶ 5.  She claims there were three broad deficiencies. First, CISD failed to call 911 or a campus School Resource Officer after the altercation. *Id*. ¶ 6.  Second, CISD failed to perform any medical assessments, including checking D.W.'s temperature, pulse, blood pressure, respirations, and pupils.  *Id*.  Nor did CISD assess his medical or psychological condition (e.g., by asking D.W. about current events, who the president was, what his own name was, where he was, what was the date).  *Id*. Third, CISD failed to offer D.W. any pain medication or apply an ice pack to D.W.'s injury. *Id*.

Instead, CISD called Crockett and told her to pick up D.W. from school and take him to the emergency room.  *Id*. ¶ 8.  The injury was severe enough that D.W. was care-

---

[2] For purposes of this order, the Court accepts Crockett's well-pleaded allegations as true.

MEMORANDUM OPINION AND ORDER – PAGE 2

flighted from one hospital to another. *Id*. ¶ 2. He required surgery and over one hundred stitches. *Id*. As a result, D.W. asserts that he suffered general and non-economic damages, including physical pain and suffering, inconvenience, and loss of enjoyment of life. *Id*. ¶ 8. Crockett and D.W. sued under Americans with Disabilities Act ("ADA") and section 504 of Rehabilitation Act ("RA"). 42 U.S.C. §§ 12101, 12131; 29 U.S.C. § 794.

The Court previously, dismissed Crockett's claims based on the statute of limitations and Crockett's claims on D.W.'s behalf for failure to plead a plausible claim. Mem. Op & Order, February 4. 2026. The Court granted Crockett thirty days to file an amended complaint on D.W.'s behalf. *Id*. More than thirty days later, Crockett moved for leave to replead her individual claims. CISD now moves for summary judgment.

## II. THE COURT DENIES CROCKETT'S MOTION FOR LEAVE

### A. *Legal Standard for Leave to Amend*

"Motions for leave to amend are typically governed by Rule 15(a)(2), or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and then by Rule 15(a)(2)." *Orthoflex, Inc. v. Thermotek, Inc.*, 2011 WL 4398279, at *1 (N.D. Tex. 2011). Leave to amend is not automatic, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir.1981).

When, as here, the deadline for seeking leave to amend pleadings has expired, a court considering a motion to amend must first determine whether to modify the scheduling

MEMORANDUM OPINION AND ORDER – PAGE 3

order under the Rule 16(b)(4) good cause standard. *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. 1998).

To meet the good cause standard, the moving party must show that, despite its diligence, it could not reasonably have met the scheduling order deadline. *See S & W Enters.,* 315 F.3d at 535. If the movant satisfies the requirements of Rule 16(b)(4), the court must then determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see S & W Enters.,* 315 F.3d at 536; *Am. Tourmaline Fields,* 1998 WL 874825, at * 1.

The court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.,* 315 F.3d at 536 (citation, internal quotation marks, and brackets omitted). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps., Inc.,* 2009 WL 3294863, at *3 (N.D. Tex. 2009), *aff'd,* 679 F.3d 323 (5th Cir. 2012).

### B.   *Crockett Fails to Show Good Cause*

Crockett sought to sue individually for special damages of attorney's fees and legal costs, economic damages and non-economic damages (such as inconvenience, and loss of enjoyment of life). Pl.'s Compl. ¶ 35. The Court's scheduling order stated the parties must

MEMORANDUM OPINION AND ORDER – PAGE 4

request leave to amend pleadings within 180 days of the May 27, 2025 order. *See* Scheduling Order ¶ 2 [11]. Crockett filed this motion for leave approximately three months after that November 2025 deadline. Thus, to obtain leave to replead this claim, Crockett must satisfy Rule 16(b)'s good cause requirement. FED. R. CIV. P. 16.

Crockett does not cite to Rule 16(b) in her motion and she did not file a reply. *See generally* Pl.'s Mot. for Leave. "To avoid waiver, a party must identify relevant legal standards and 'any relevant Fifth Circuit cases.'" *JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016). A plaintiff forfeits her argument when she does not identify the relevant legal standard and cases. *See United States v. Olano*, 507 U.S. 725, 733 (1993); *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 735 (5th Cir. 2018) (affirming plaintiff forfeited its argument by failing to cite rule 16). Because Crockett forfeited her argument for leave, the Court need not reach the question of whether Crockett has met the Rule 15(a) standard. Accordingly, the Court denies Crockett's motion for leave to replead her previously dismissed claims.

### III. THE COURT GRANTS CISD'S MOTION FOR SUMMARY JUDGMENT

#### A. *Legal Standard for Summary Judgment*

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v.*

MEMORANDUM OPINION AND ORDER – PAGE 5

*Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense.  *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

### B.    *D.W. Does Not Present Summary Judgment Evidence of Discrimination*

The sole remaining claim is Crockett's next of friend claim for disability discrimination against D.W. under ADA and section 504 of RA.  *See* Pl.'s Resp. ¶¶ 30–31. Crockett claimed that CISD discriminated against D.W. when it failed to take the necessary and basic actions to address his injury after the altercation because of Crockett's advocacy for his disability.

MEMORANDUM OPINION AND ORDER – PAGE 6

The Court analyzes claims under section 504 and ADA together because the Fifth Circuit "equated liability standards" under the two statutes. *See Hainze v. Richards,* 207 F.3d 795, 799 (5th Cir.2000); *D.A. v. Hou. Indep. Sch. Dist.,* 629 F.3d 450, 453 (5th Cir. 2010). The elements for a Title II or RA claim are: (1) that plaintiff is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability.[3] *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004). Additionally, plaintiffs "may only recover compensatory damages upon a showing of intentional discrimination." *Smith v. Harris Cnty.*, 956 F.3d 311, 318 (5th Cir. 2020) (citation omitted).

Neither party disputes that D.W. is a qualified individual within the meaning of the ADA. *See* Def.'s Mot. for Summ. J. 5. Thus, the remaining elements are whether CISD discriminated against D.W., and whether the alleged actions were "by reason" of D.W.'s disability. CISD asserts that Crockett has no evidence to support these elements. Def.'s Reply 2.

---

[3]Crockett mistakenly cites to the elements for an ADA claim in the employment context. Pl.'s Resp. ¶ 3 ("The elements are D.W. (1) is disabled . . .; (2) was subjected to an adverse action solely by reason of his disability; and (3) otherwise qualified to participate in the school program."); *e.g.*, *E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 697 (5th Cir. 2014). However, because Crockett alleged violations under section 504 and ADA, the Court applies the appropriate standard.

MEMORANDUM OPINION AND ORDER – PAGE 7

Crockett fails to provide summary judgment evidence that CISD discriminated against D.W.  Crockett dedicates one paragraph to substantively support D.W.'s discrimination claim.  Pl.'s Resp. ¶ 27.  Crockett conclusively states that the evidence includes "detailed responses to [CISD's] interrogatories" and "verified answers include information about [Crockett's] advocacy to [CISD] for D.W.'s disabilities, [CISD]'s hostility towards [Crockett] in response to that advocacy, witnesses, and damages, inter alia." *Id*.  However, Crockett has not provided an appendix nor any record for the Court to review.

Furthermore, because Crockett seeks only compensatory damages, she must provide evidence of intentional discrimination.  Pl.'s Am. Compl. ¶ 35.  Crockett does not mention or otherwise provide facts demonstrating intentional discrimination.  *See Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) ("The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255–57 (1986).  Thus, Crockett has failed to meet her burden to establish a genuine dispute .[4]  *See Matsushita*, 475 U.S. at 586–87.

---

[4] Moreover, as explained in the Court's prior order, negligent medical treatment is not grounds for a discrimination claim. *Nottingham v. Richardson*, 499 F. App'x 368, 377 (5th Cir. 2012) (unpub.).  The "relative prudence between two medical decisions is not actionable under the ADA" *Carter ex rel. Carter v. City of Shreveport*, 144 F.4th 809, 815 (5th Cir. 2025).  Here, Crockett claims CISD did not ask the correct medical assessment questions, apply ice or medications, or bring the correct personnel.  Pl.'s Am. Compl. ¶¶ 6–7.  This is a medical treatment claim.  More than thirty days passed since the Court's Order granting leave, and Crockett has not amended her complaint.  Thus, this claim fails.

MEMORANDUM OPINION AND ORDER – PAGE 8

Because Crockett has not provided summary judgment evidence for her next of friend claim, and because the claim is not actionable under ADA or section 504, the Court grants CISD's motion for summary judgment for D.W.'s discrimination claims.

### CONCLUSION

Because Crockett forfeited her argument as to her individual claims, the Court dismisses her motion for leave to replead.  Furthermore, because D.W. has not presented summary judgment evidence of discrimination under ADA or RA, the Court also grants CISD's motion for summary judgment on those claims.

Signed June 9, 2026.

David C. Godbey
Senior United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 9